**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 222173**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: BNisenbaum@gmail.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor and an individual, by and through his guardian ad litem JOSE LUIS RODRIGUEZ; NORA MORELOS, an individual; and YAKIRA MORELOS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, a municipal corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C § 1983) <br><br><br> JURY TRIAL DEMANDED |

# INTRODUCTION

1. This action arises out of yet-to-be-identified Stanislaus Sheriff Deputies excessive use of force on an unarmed, seventeen-year-old boy, Plaintiff J.M., by beating the minor with batons, pepper spray and shooting him with bean bag guns. At the time Deputies used excessive force, Plaintiff J.M. presented no threat and was suffering a mental health crisis. The minor's mother, Plaintiff Nora Morelos had requested an ambulance by 9-1-1 to take her son to the hospital.

2. The yet-to-be-identified Stanislaus Sheriff Deputies arrived after the ambulance. Ms. Morelos led deputies to her son's room where he was sitting unarmed and reading a bible aloud. The deputies ordered Ms. Morelos outside. Shortly after, Ms. Morelos and her family heard thuds, and gunshots, and then cries from Plaintiff J.M..

3. After an extended period of time, the yet-to-be-identified Defendant deputies exited the Morelos' house and refused to tell the family what had occurred. The yet-to-be-identified deputies order the paramedics to leave. Plaintiff Nora Morelos and Yakira Morelos quickly entered the house and found minor Plaintiff J.M. on the ground crying, with severe injuries and bruises all over his body and a swollen face, all caused by Defendant Deputies. Plaintiff J.M.'s family transported him to the hospital. As a result of the yet-to-be-identified Deputies excessive force, Plaintiff J.M. suffered severe injuries to his body, face and throat that caused him to be hospitalized for several days.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Patterson, Stanislaus County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

# PARTIES

5. Plaintiff J.M. is a minor and resident of PATTERSON, STANISLAUS COUNTY, CALIFORNIA, sues in his individual capacity, by and through his Guardian Ad

Litem, JOSE LUIS RODRIGUEZ.

6. Plaintiff Nora Morelos is a competent adult. Plaintiff Nora Morelos is a resident of PATTERSON, STANISLAUS COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff Nora Morelos is the biological mother of Plaintiff J.M.

7. Plaintiff Yakira Morelos is a competent adult. Plaintiff Yakira Morelos is a resident of PATTERSON, STANISLAUS COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff Nora Morelos is the biological sister of Plaintiff J.M.

8. Defendant COUNTY OF STANISLAUS (hereinafter "Defendant COUNTY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the STANISLAUS COUNTY SHERIFF DEPARTMENT.

9. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the COUNTY OF STANISLAUS.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants

herein.

13. Plaintiffs filed a timely government claim with the County, which was rejected.

## STATEMENT OF FACTS

14. The incident took place on the early morning hours of March 4, 2018 at approximately 3:00 AM in Patterson, CA at or near 411 Roadrunner Drive, Patterson, CA 95363.

15. Plaintiff J.M., a minor, was having a medical crisis after taking LSD for the first time and sought out his mother, Nora Morelos, for help in his parents' bedroom. Mrs. Morelos was trying to calm her son by praying and reading the bible to him. J.M. asked to read the bible. Then, J.M. asked to write the verses down with a pencil and paper to calm himself. However, Mr. and Mrs. Morelos was still worried about J.M.'s medical crisis because he began yelling the bible verses and called 9-1-1 to summon an ambulance.

16. Shortly afterwards, the ambulance arrived and paramedics contacted Mrs. Morelos. Mr. and Mrs. Morelos explained both on the phone to 9-1-1 and to paramedics that their son was having a medical crisis from LSD that caused him not to think straight; however, J.M. was not violent or armed but only loudly reading bible verses and writing them down with a pencil.

17. Mrs. Morelos led the paramedics to J.M.'s room where he continued to read bible verses loudly and write them down. The paramedics told Mrs. Morelos that they had to wait for the police to clear them before treating him. Meanwhile, Mrs. Morelos took her youngest children and placed them in the car so they did not have to see their older brother in his medical crisis. Mr. Morelos waited with his wife for the Stanislaus Sheriff deputies to appear.

18. Once the yet-to-be-identified Stanislaus County Sheriff deputies arrived, Mrs. Morelos led them to J.M.'s room where he continued to read bible verses loudly and wrote them down. Mrs. Morelos explained that her son, J.M. was nonviolent and told officers not to hurt

him. Five to six yet-to-be-identified deputies entered the house, so Mrs. Morelos took out her phone to begin taking photos because she was scared by the number of deputies. A yet-to-be-identified deputy commanded Mrs. Morelos to stop recording and to exit the house. Mrs. Morelos waited on the porch outside. The rest of the family including Plaintiff J.M.'s older sister, Yakira Morelos, waited outside also. Shortly after, a yet-to-be-identified Stanislaus deputy entered the house with a less than lethal rifle. Mrs. Morelos became worried by the rifle, not knowing it was less than lethal, and pleaded with the deputy to not hurt her son and explained that he was harmless.

19. Suddenly the family began to hear officers yelling and the sound of a gun repeatedly firing. Mrs. Morelos began to weep and scream for her son believing they had shot him dead. However, the yet-to-be-identified deputies would not allow her back inside her house. After what seemed like an eternity, the yet-to-be-identified deputies exited the house in a group but would not respond to Mrs. Morelos' inquiries about her son: how he was, if he was alive and if he was hurt. Mrs. Morelos asked if they were just going to leave him like that and the yet-to-be-identified deputies simply walked out and told the paramedics to leave. Then all of the deputies and paramedics left without ever having checked on Plaintiff J.M medical state despite receiving severe and potentially deadly injuries from the deputies' use of excessive force. The deputies never cited J.M. for any crimes and/or violations. No criminal charges were filed against J.M. either.

20. Mrs. Morelos, Mr. Morelos and Mrs. Morelos' daughter, Plaintiff Yakira Morelos, immediately went to Plaintiff J.M.'s room to see if he was still alive and okay. They found him curled up on the floor with large, grotesque bruises covering his body, a swollen face and several marks from what it appears to have been baton strikes. Plaintiff J.M. later informed his family that he had been pepper sprayed, beaten on the ground, shot multiple times with a less than lethal rifle despite never having threatened officers.

21. Plaintiff J.M. was conscious but extremely frightened. His family finally coaxed him into going to the hospital to receive medical treatment. They took him to the Emanuel Medical Center where the family learned that his injuries were more severe than the medical staff could handle. Plaintiff J.M. was transferred to U.C. Davis Medical Center where he was treated for several days due to complications from the tremendous and egregious use of blunt force on his body.

22. As a result of the incident, Plaintiff J.M, a seventeen-year-old minor, was unlawfully and viciously attacked by Stanislaus deputies, denied medical treatment and suffered extensive physical injuries, including, but not limited to, his internal organs, his body and face. Furthermore, Plaintiff Nora Morelos and Yakira Morelos heard the gunshots and beating of their beloved family member by the deputies then immediately after witnessed the horrific wounds on his body. Plaintiffs worried that he may have died and suffered extreme emotional distress. Afterwards, when Plaintiff Nora Morelos, J.M.'s mother, went to the police department and filled out paperwork for the police reports and the Department never provided the reports. Plaintiff's Counsel also requested police reports on Plaintiffs' behalf and was denied.

## **DAMAGES**

23. As a proximate result of Defendant Deputy Does' unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

24. The conduct of the Defendant Does was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Defendant Does.

/

/

/

/

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)
*(Against DOES 1-25)*

25.   Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

26.   When the yet-to-be-identified Defendant Deputy Does beat, shot and attacked Plaintiff J.M., Plaintiff J.M. was attempting to comply with the deputies and presented no threat to deputies. The yet-to-be-identified Defendant Deputy Does' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

27.   As a result of their misconduct, the yet-to-be-identified Defendant Deputy Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)
*(Against DOES 1-25)*

28.   Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

29.   When the yet-to-be-identified Defendant Deputy Does beat, shot and attacked Plaintiff J.M., Plaintiff J.M. was suffering from a medical emergency and the call for service was for medical services, not police services. Instead of allowing the paramedics to provide medical treatement, the yet-to-be-identified Defendant Deputy Does beat, shot and attacked Plaintiff J.M. without a legal cause for detention and/or arrest. Therefore Defendant Does' use of force was an unlawful seizure which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

30.   As a result of their misconduct, the Defendant Does are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff against Defendant COUNTY OF STANISLAUS and DOES 26-50)*

31. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

32. Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF STANISLAUS officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified deputies responded to a medical emergency involving a minor beat him with batons, pepper sprayed him and shot him with bean bags causing him severe and potentially deadly injuries then ordered the paramedics to leave. High-ranking official should have not about the pattern of excessive force conduct of the Defendant Deputy Deputies given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by Stanilaus County Sheriff Deputies. For example,

   a) On November 10, 2017, Stanislaus Sheriff Deputies were caught on tape repeatedly punching a man in the back and the back of his head while he was being handcuffed.[1]
   b) In February, 2017, Stanislaus Sheriff Deputy Wall was caught on camera shooting and killing a woman driving away from deputies during a stop which resulted in the Deputy being charged with voluntary manslaughter by the Stanislaus District Attorney.[2]
   c) On May 30, 2018 another person died in the custody of Stanislaus County Sheriff

---

[1] https://www.modbee.com/news/local/crime/article185122188.html

[2] https://www.modbee.com/news/local/crime/article214973430.html

Deputies after deputies allegedly used excessive and unreasonable force.[3]

d) On May 29, 2018 Stanislaus Deputies shot and killed a man retrieving his possession from his house where he had been evicted.[4]

33. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Yet-to-be-identified deputies responded to a medical emergency involving a minor beat him with batons, pepper sprayed him and shot him with bean bags causing him severe and potentially deadly injuries then ordered the paramedics to leave. Officers did not cite and/or arrest J.M. for any crimes and no charges were filed. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against a minor.

34. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

35. As against Defendant COUNTY OF STANISLAUS, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the COUNTY OF STANISLAUS, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of COUNTY OF STANISLAUS POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-

---

[3] https://www.abc10.com/article/news/local/family-of-modesto-man-who-died-in-custody-says-deputies-used-unnecessary-and-excessive-force/103-560085363

[4] https://www.modbee.com/news/local/crime/article212212429.html

trained.

36. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF STANISLAUS, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SAN LEANDRO Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF STANISLAUS:

  a. To cover-up violations of constitutional rights by any or all of the following:

  i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

  ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

  iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

  b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

  c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

  d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

37.     Defendants COUNTY OF STANISLAUS and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF STANISLAUS' Police personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

38.     The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF STANISLAUS personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the STANISLAUS Sheriff Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY OF STANISLAUS, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff J.M. was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF STANISLAUS have approved Defendant Deeputies' grossly excessive and bias use of force on Plaintiff J.M.. By so doing, the authorized policy makers within the COUNTY OF STANISLAUS and the STANISLAUS Sheriff Department have shown affirmative agreement with the actions of Defendant Deputy Does 1-25, and have ratified the unconstitutional acts of Defendant Deputy Does 1-25.

39.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF STANISLAUS and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled

constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

40. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY OF STANISLAUS and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff J.M. against Does 1-50)*

42. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

43. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

44. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

  a. J.M.'s right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

  b. J.M.'s right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to

the United States Constitution and by Article 1, § 13 of the California Constitution;

45. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[5] Defendants' use of unlawful force against Plaintiff J.M., in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

46. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

47. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff J.M. in the absence of any threat presented by Mr. J.M. or any justification whatsoever;

   b. Using deliberately reckless and provocative tactics to apprehend J.M. in violation of generally accepted law enforcement training and standards, and in violation of J.M.'s rights;

   c. Defendant using bean bag gun, batons and pepper spray on J.M. in the absence of any threat or need for such force;

   d. Threatening violence against Plaintiff J.M., with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

   e. Using excessive, unreasonable and unjustified force against Plaintiff J.M. while he attempted to comply with the officers;

   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

---

[5] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[6] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

g. Violating multiple rights of Plaintiff;

48. Defendant COUNTY OF STANISLAUS is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Deputy Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against DOES 1-25)*

50. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

51. Yet-to-be identified Defendant Deputy Does, while working as a sheriff deputy for the COUNTY OF STANISLAUS, and acting within the course an scope of their duties, intentionally injured Plaintiff with batons, peppers spray and bean bag guns without a lawful basis.

52. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. The Defendant Deputy Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their sheriff deputy duties was an unreasonable use of force.

53. As a direct and proximate result of Defendants' assault and battery of Plaintiff J.M., Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

/
/

## SIXTH CAUSE OF ACTION
### (Negligence)
*(Plaintiffs against DOES 1-25)*

54. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

55. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

56. At all times, Defendant Does 1-50 owed Plaintiff the duty to act with reasonable care.

57. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff J.M.;

   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

58. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff J.M..

59. Defendant COUNTY OF STANISLAUS is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

60. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

/

## SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
*(Plaintiff Yakira Morelos and Nora Morelos Against DOES 1-25)*

61. Plaintiffs re-allege and incorporate by reference eacn and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62. Defendants' above-described conduct was negligent. Defendants assaulted Plaintiff J.M. without legal justification and caused Plaintiffs to suffer serious emotional distress. Plaintiffs Nora Morelos and Yakira Morelos are closely-related to Plaintiff J.M. because they are his biological mother and sister, respectively. Plaintiffs heard Defendant's shooting Plaintiff J.M. with bean bag guns and beating him. Plaintiffs heard J.M. cries. Plaintiffs saw Plaintiff J.M. severely injured immediately after Defendants inflicted Plaintiff J.M. with harm causing Plaintiff Nora and Yakira Morelos serious emotional distress.

63. In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiffs Nora Morelos and Yakira Morelos serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

64. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendant DOES 1-50 in a sum according to proof;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For declaratory and injunctive relief, including but not limited to:

   a. An order requiring Stanislaus Sheriff Department Deputies to summon and/or facilitate medical treatment when an person is injury by their personnel

   b. An order requiring Stanislaus Sheriff Department Deputies to summon and/or facilitate medical treatment when on a call for a medical emergency

   c. An order requiring Stanislaus Sheriff Department Deputies to use and trained on implementing de-escalation techniques

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  August 1, 2018                                  **Law Offices of John L. Burris**

                                                        \_\_\_/s/\_**Patrick M. Buelna**\_\_\_\_
                                                        Patrick Buelna
                                                        Attorneys for Plaintiff