**JOHN L. BURRIS, Esq., SBN 69888**
**LATEEF H. GRAY, Esq., SBN 250055**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Lateef.Gray@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.M., et al.,<br>　　　　Plaintiff,<br>v.<br>COUNTY OF STANILAUS; and DOES 1-50, inclusive.<br>　　　　Defendants. | Case No.: 1:18-cv-01034-LJO-SAB<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLANT<br><br>Date of Hearing: September 27, 2018<br>Courtroom: 4, 7th Floor<br>Time: 8:30 AM<br><br>HONORABLE JUDGE LAWRENCE J. O'NEILL |

i

## INTRODUCTION

Defendants in this action filed a motion to dismiss Plaintiff's *Monell* cause of action pursuant to **Rule 12(b)(6).** Plaintiff filed his original Complaint on August 1, 2018 against Defendant County. See Dckt #1. Defendants were served on August 3, 2018. **See Dckt #4.** On August 23, 2018, Defendants filed their motion to dismiss Plaintiff's *Monell* cause of actions pursuant to FRCP 12 (b)(6) for failure to state a claim for which relief can be granted.

## STATEMENT OF FACTS

Plaintiff J.M. is a teenage boy that was suffering a medical crisis as a result of taking LSD. Dckt #1 ¶ 15. Plaintiff J.M. sought the help of his mother, Plaintiff Nora Morelos, in her bedroom. *Id.* Plaintiff J.M.'s parents called the ambulance out of worry for their son, while Plaintiff J.M. read the bible in his room aloud. *Id.*

When paramedics arrived, Mr. and Mrs. Morelos that their son was having a medical crisis but was not armed or violent. Dckt #1 ¶ 16. The parents led the paramedics to their son in his bedroom where he was reading the bible. Dckt #1 ¶ 17.  Paramedics informed the parents that they would still have to wait for the police to clear them. *Id.*

When the yet-to-be-identified Stanislaus County Deputies arrived, Mrs. Morelos explained that her son was non-violent and asked them not to hurt Plaintiff J.M.. Dckt #1 ¶ 18. When Mrs. Morelos attempted to document the deputies interaction with her son, the deputies order her outside. Dckt #1 ¶ 18. Shortly afterwards, yet-to-be-identified Stanislaus County Deputies began to beat an unarmed, nonviolent teenage boy in the midst of a medical crisis with batons, pepper spray and shot him with less-than-lethal bean bags several times. Dckt #1 ¶ 19;26;33. Then Stanislaus Deputies exited the house after causing Plaintiff J.M. severe injuries to his legs, face, internal organs and throughout his body. Dckt #1 ¶ 19;20; 22. Deputies caused wounds so severe that the local hospital had to transfer Plaintiff J.M. to UC Medical where he spent several days recovering. Dckt #1 ¶ 19; 20; 21.

1

Despite the use of such extensive and serious force, the yet-to-be-identified Stanislaus Deputies did not permit the paramedics to treat Plaintiff, but ordered them to leave. Dckt # ¶ 19. Furthermore, the deputies did not cite or press any criminal charges against Plaintiff J.M. *Id.* When Plaintiff's mother, Nora Morelos, requested police reports from the Stanislaus County Sheriff Department, she was denied. Dckt #1 ¶ 22. Plaintiff's counsel also requested the police reports pursuant to the California Public Records Act, but was denied as well. *Id.*

In the last year, the County of Stanislaus Sheriff Deputies were caught: on tape relentlessly punching a man in his back and the back of his head while handcuffed; on camera shooting and killing a woman fleeing that resulted in criminal charges against the deputy; killed a man retrieving his possession from his house where he had been evicted; and killed a man in custody from excessive force.  Dckt #1 ¶ 32. In this instance, deputies responded to a medical emergency involving a minor beat him with batons, shot him with bean bags and pepper sprayed him then ordered the paramedics to leave and left him to die. *Id.* These deputies were never disciplined. *Id.*

## ARGUMENT

### A.  Legal Standard

Federal Rules of Civil Procedure Rule 8 requires only "a short and plain statement of the claim." FRCP 8(a)(2). The statement must only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In making this determination, "[a]ll allegations of **material fact are taken as true and construed in the light most favorable to the nonmoving party.**" *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) [emphasis added]. This does not, however, apply to legal conclusions. See *Iqbal*, 129 S. Ct. at 1949. If a district court dismisses a claim, it "should grant leave

to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Defendants entire motion relies on the demand for detailed factual allegations but a complaint **"does not need detailed factual allegations"** to survive a motion to dismiss. *Twombly,* at 555. [emphasis added]. This was not overturned by *Iqbal* which only noted that mere legal conclusion could not be relied upon. See *Iqbal*, 129 S. Ct. at 1949.

Here, Plaintiff relies on factual allegations: Stanislaus deputies arrived to a medical emergency with a non-violent minor with paramedics and family on-scene; Stanislaus deputies ordered the mother outside despite the mental crisis the minor was suffering; proceed to beat the minor with batons, shot bean bag guns and pepper sprayed the minor; ordered the paramedics to not check upon him after severely injuring him and left him for dead; in the last year, Stanislaus deputies have committed excessive force in the public eye, including beating vulnerable people, several times in the last year without any re-training or discipline from the Sheriff Department; Stanislaus deputies in this instance were not disciplined or re-trained either.

Therefore, Plaintiff's Complaint is sufficiently plead because the factual content taken as true and construed in the light most favorable to him allow the court to reasonably conclude that: Defendant Stanislaus County has a pattern and practice of excessive force; Defendant County and its high-ranking official were on notice due to the publicity of the deputies actions and failed to re-train, discipline or remedy the pattern which resulted in the affirmation and encouragement of the pattern.

### B. The Court Should DENY the Defendants' Motion to Dismiss Because Plaintiff's Complaint Is Sufficiently Plead Against Defendant County of Stanislaus

To allege a §1983 claim against a county, a plaintiff must allege facts showing that the county had a custom or policy that caused the plaintiff's constitutional injury. See *Monell v Dep't of*

*Soc. Servs.*, 536 U.S. 658, 694 (U.S.C. 1978). A "policy or custom" under Monell is a "longstanding practice…which constitutes the 'standard operating procedure' of the local government entity." *Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (internal citation omitted). "[T]he complaint must allege the policy, as well as its causal relationship to the constitutional injury, in sufficient detail." *Hass v. Sacramento Cty. Sheriff's Dep't*, No. 2:13-cv01746, 2014 WL 1616440, at *5 (E.D. Cal. Apr. 18, 2014). And, a relaxed pleading standard may apply in limited circumstances. *See AC v. City of Fairfield* 2:16-cv-00746-JAM-CKD, Docket #19, page 7 (E.D. 2016). Allegations based on "information and belief" may be sufficient to establish a "causal connection between the existing or non-existing policies, procedures and practices and the harms [Plaintiffs] experienced" when "the facts that might demonstrate the causal connection – such as…corrective actions taken or not taken – are not available to the pleading party [before] discovery." *Phillips v. Cty. of Fresno*, No. 1:13-cv-0538, 2013 WL 6243278 (E.D. 2013). This is particularly true when a plaintiff raises a failure to discipline or failure to train claims. See *Estate of Duran v. Chavez*, No. 2:14-cv-02048, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) (allowing plaintiffs' failure to supervise, investigate, or discipline claim to survive defendants' motion to dismiss); *Phillips*, 2013 WL 6243278 at *10 ("find[ing] that dismissal of plaintiffs' claims for entity/supervisor liability is inappropriate at this stage of the proceeding"). Although in *Wilson v. Town of Danville*, a Northern District case, the Court dismissed a *Monell* claim and distinguished the relaxed standard for pre-discovery *Monell* claims found in Duran and Phillips because the plaintiffs in Wilson only included sufficient facts in their opposition briefs for the motion rather than the complaint itself. *Wilson v. Town of Danville*, 2017 WL 2335545 at *3 (N.D. May 30, 2017)

In the case at bar, a relaxed pleading standard is appropriate as Plaintiffs allege facts based on "information and belief" of a failure to discipline and train Deputies committing excessive force, which are similar to those found sufficient in *Duran* and *Phillips*. Here, Plaintiff has alleged

4

specifically that the County of Stanislaus has a particularly clear pattern of Deputies beating and even killing people without any discipline and/or re-training within the Department. Furthermore, there is a clear pattern and practice of officers trying to cover up their actions based on the fact these deputies felt comfortable dismissing paramedics from the scene and never receiving any discipline as a result. Furthermore, the facts underlying this case are particularly chilling – deputies attacked a minor suffering from a medical emergency, left him severely injured, denied him medical attention even though he had injuries that required hospitalization in a special hospital for several days.

Despite these clear acts of misconduct and Plaintiff's requests for police reports (which were denied), the deputies were not disciplined. Stanislaus Sheriff Department Internal Affairs have not contacted Plaintiffs. Therefore, Plaintiff has alleged on strong information and belief to establish that Stanislaus County has a pattern and practice of encouraging and ratifying unconstitutional violations, that high-ranking officials are on notice, having taken no action to remedy the pattern, and their failure to discipline and train deputies has proximately caused Plaintiffs' injuries. Therefore, Plaintiffs' *Monell* cause of action should not be dismissed at the pleading stage.

Defendant argues that in AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631 (9th Cir. 2012) the court found that "the existence of bare allegations concerning an unspecified custom, policy or practice under *Monell* are insufficient to withstand a motion to dismiss." Defendant's Motion to Dismiss (Dkt #5-1 pg. 6: 9-10). Defendant has misquoted this case. The court specifically ruled that "a claim of municipal liability under § 1983 *is sufficient to withstand* a motion to dismiss *even if* the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Id. at 636 (emphasis added). In fact, the court has articulated that plaintiffs in civil rights actions against local governments are require to set forth no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom. Id. at 637. Thus, Plaintiff's factual allegations, which are substantial, are more than

5

sufficient to withstand a motion to dismiss.

Defendant further argues that "it is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality that caused his injury; rather, a plaintiff must also demonstrate that the custom or policy was adhered to with deliberate indifference to the individual's constitutional rights." Defendant's Motion to Dismiss (Dkt #5-1 pg. 5: 26-27) *citing* Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016). The Supreme Court has strongly suggested that the deliberate indifference standard for municipalities is always an objective inquiry. Castro at 1076. Such deliberate indifference on behalf of a municipality has been found "when the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Castro *quoting* City of Canton, 489 U.S. at 392, 109 S.Ct. 1197. Here, Plaintiff has already pointed out four separate known incidents pertaining to the use of excessive force by Stanislaus County Sheriff Deputies. Given such a string of publicly-known excessive force incidents by Stanislaus Sheriff Deputies, it is deplorable to believe other than an obvious need for different training, as the policies and practices in place result in violations of persons constitutional rights. Furthermore, from an objective viewpoint, the fact that there are several publicly-known incidents pertaining to the use of excessive force by Stanislaus Sheriff Department, is a clear indicator that Defendant has acted with deliberate indifference to Plaintiff's constitutional rights.

Castro also establishes that liability is permitted on a showing of notice, "where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied." Castro *quoting* City of Canton at 1076. Given that these specific incidents of the use of excessive force by Stanislaus County Sheriff Deputies are well-known by the public through media outlets, it is easily argued that Defendant was on notice of

6

this behavior. Nonetheless Defendant failed to act to avoid a violation of the constitutional rights of their citizens, satisfying *Monell.*

### The Court Should DENY Defendant's Motion to Dismiss Because Plaintiff's Complaint Sufficiently Sets Forth A Valid § 1983 Supervisorial Liability Claim.

Defendant argues that "…supervisors may only be held liable if they participated in or directed the violations, or knew of the violations and failed to act to prevent them". Defendant's Motion to Dismiss (Dkt # 5-1 pg. 6: 16-17 *quoting* Taylor v List, 880 F 2d 1040, 1045 (9th Cir. 1989)). Plaintiff's complaint details four separate social media postings portraying the use of excess force by Stanislaus County Sheriff Deputies. If the public is aware of this type of misconduct by county deputies, there is no question about whether higher up officials are aware of this too. Thus, by having the required knowledge and failing to act to prevent any further violations,  Defendant is subject to liability and the court should deny its motion to dismiss.

### CONCLUSION

For aforementioned reasons, the Defendants have filed a frivolous motion to dismiss solely for the improper purpose to harass, cause unnecessary delay and increase cost of litigation. The Court should DENY the Defendants' motion to dismiss pursuant FRCP 12 (b) (6) because Plaintiff has pled a sufficient complaint for all his causes of action. Even if the Court does grant the Defendants' motion, it should be without prejudice in order to allow Plaintiff to amend his Complaint.

Dated:  September 6, 2018              **Law Offices of John L. Burris**

                                                           **___/s/_Patrick M. Buelna_____**
                                                           Patrick Buelna
                                                           Attorneys for Plaintiff