# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., et al., | Case No. 1:18-cv-01034-LJO-SAB |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| COUNTY OF STANISLAUS, | (ECF Nos. 24, 27) |
| Defendant. | |

Currently before the Court is Plaintiffs' motion for leave to file a first amended complaint. (ECF No. 24.) On February 12, 2019, Defendant County of Stanislaus filed a non-opposition to the motion for leave to file a first amended complaint, indicating that County of Stanislaus does not oppose the motion to amend. (ECF No. 26.) The Court found the matter suitable for decision without oral argument and vacated the hearing that was set for March 6, 2019. (ECF No. 28.) Having considered the moving papers and declaration attached thereto, as well as the Court's file, the Court issues the following order.

**I.**

**BACKGROUND**

This action arises from an incident on March 4, 2018, where Plaintiff Nora Morelos dialed 9-1-1 and requested an ambulance to take her son J.M., a minor at the time, to the hospital after she learned he had ingested the drug LSD. (ECF No. 24.) The fire department and EMTs

requested deputies to intervene after J.M. had slammed the bedroom door on them. J.M. then allegedly threatened himself with a pencil aimed at his neck, and the deputies pepper sprayed J.M., who started stabbing himself with the pencil, and then deputies shot J.M. repeatedly with a bean bag gun. J.M. also allegedly made suicidal comments, culminating in J.M. advancing towards the deputies and asking them to shoot him. J.M. was apparently subdued and struck with a baton by the deputies. The deputies allegedly left the premises without telling family members what occurred, and the family members found J.M. crying on the ground, and took him to the hospital to treat injuries, where he was hospitalized for a week.

On August 1, 2018, Plaintiffs filed their original complaint. (ECF No. 1.) On August 23, 2018, Defendant County of Stanislaus filed a motion to dismiss. (ECF No. 5.) On November 7, 2018, the Court denied Defendant County of Stanislaus' motion to dismiss, and on November 20, 2018, Defendant County of Stanislaus filed an answer to the complaint. (ECF Nos. 14, 17.) On December 21, 2018, the Court issued a scheduling order which set the deadline to amend the pleadings for March 22, 2019. (ECF No. 21.) On January 2, 2019, while discussions were ongoing between the parties' counsels as to whether to stipulate to file an amended complaint, Plaintiffs attempted to file a first amended complaint without leave of the Court. (ECF No. 22; Decl. of Patrick Buelna, ¶ 4-5, ECF No. 24-3.) On January 3, 2019, the Court struck Plaintiffs' first amended complaint because it was filed without obtaining leave from the Court to file an amended complaint. (ECF No. 23.) Following this, counsel continued to communicate back and forth regarding a proposed stipulation to allow the filing of the amended complaint, however due to the lapse of time, and without an outright denial from Defendant's counsel, Plaintiff filed the instant motion for leave to file an amended complaint. (ECF No. 24; Decl. of Patrick Buelna, ¶ 4-5, ECF No. 24-3.) On February 12, 2019, Defendant County of Stanislaus filed a non-opposition to the motion for leave to file a first amended complaint, indicating that County of Stanislaus does not oppose Plaintiffs' motion to amend. (ECF No. 26.)

Plaintiffs' instant motion seeks leave from the Court to file a first amended complaint adding named defendants Derek Crowley, Chad Lewis, Brent Salyer, Jonathan Blount, and Michael Victorino, in their individual capacities and as deputies for the Stanislaus County Sheriff

Department, along with Joshua Sandoval, in his individual capacity and in his capacity as a Sergeant for the Stanislaus County Sheriff Department.[1] (ECF No. 24.) Plaintiffs also seek to include a Fourteenth Amendment claim for failure to provide medical aid.

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.[2]

---

[1] The Court notes that due to the filing of the first amended complaint which was subsequently stricken (ECF Nos. 22, 23), the CM/ECF system mistakenly lists the additional proposed named Defendants, Derek Crowley, Chad Lewis, Brent Salyer, Jonathan Blount, Michael Victorino, and Joshua Sandoval, as Defendants in this matter already. The Court clarifies that because the previously filed amended complaint was stricken (ECF Nos. 22, 23), these proposed defendants are not currently Defendants in the action. The proposed named Defendants, Derek Crowley, Chad Lewis, Brent Salyer, Jonathan Blount, Michael Victorino, and Joshua Sandoval, will not officially be named Defendants on the docket until after the entry of this order granting Plaintiffs leave to file their amended complaint, and the amended complaint is in fact filed naming such Defendants.

[2] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,', so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting

3

**III.**

**DISCUSSION**

The Court agrees with Plaintiffs that because the Court's scheduling order set the deadline to amend as March 22, 2019, Plaintiffs only need to show that the amendment is proper pursuant to Rule 15, and not first satisfy the good cause standard applicable to amending the scheduling order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15)). The Court weighs prejudice to the opposing party most heavily. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiffs seek to amend the complaint to add additional Defendants and an additional Fourteenth Amendment claim. Allowing parties to amend based on information obtained through discovery is common and well established. Fru–Con Constr. Corp. v. Sacramento Mun. Util. Dist., No. CIV. S–05–583 LKK/GGH, 2006 WL 3733815, *15–16 (E.D. Cal. Dec. 15, 2006). In this instance, given the statement of non-opposition filed, the Court finds that granting Plaintiffs' motion to amend would not prejudice Defendant County of Stanislaus. There is no evidence the motion was brought in bad faith nor does it produce undue delay in the litigation as the motion was filed prior to deadline set forth in the Court's December 21, 2018, scheduling order. Cf. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was made more than four months after the cutoff date, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice."). Moreover, there is no reason to believe that the proposed amendment is futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)

---

Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order. Local Rule 303.

4

(illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weighs against granting Plaintiffs leave to amend and most notably as Plaintiffs' motion is unopposed, the Court finds leave to amend appropriate. See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend was warranted in light of the defendants' non-opposition to the motion and reasonable explanation for the amendment).

## IV.
## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a first amended complaint is GRANTED;
2. Plaintiffs shall file a first amended complaint within five days of the date of entry of this order.

IT IS SO ORDERED.

Dated: **March 5, 2019**

UNITED STATES MAGISTRATE JUDGE