# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01034-LJO-SAB<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>ORDER VACATING HEARING SET FOR DECEMBER 18, 2019<br><br>(ECF No. 41) |

Currently before the Court is Plaintiffs' motion for leave to file a second amended complaint. (ECF No. 41.)[1] Defendants have not filed any opposition to the motion and the deadline to do so has expired. The Court finds the matter suitable for decision without oral argument and shall vacate the hearing set for December 18, 2019 on the Motion to Amend.[2] See Local Rule 230(g). Having considered the moving papers, the attached declaration, as well as the Court's file, the Court issues the following order granting the motion for leave to amend.

///

///

///

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] The Court notes that unrelated motions to reopen discovery and to compel a mental examination in this matter are still scheduled for hearing set to occur on December 18, 2019. (ECF Nos. 46, 47.)

1

## I.

## BACKGROUND

On August 1, 2018, J.M, a minor at the time of filing, Nora Morelos, and Yakira Morelos ("Plaintiffs") filed the complaint in this action. (ECF No. 1.) Following the Court's granting an unopposed motion for leave to file a first amended complaint, this action is currently proceeding on Plaintiffs' first amended complaint filed on March 7, 2019. (ECF No. 30.) On November 1, 2019, the Court ordered Plaintiff J.M. to either file evidence that Plaintiff J.M.'s stated guardian ad litem was in fact appointed under state law, or file a motion for appointment of a guardian ad litem, within ten days of entry of the order. (ECF No. 37.) On November 13, 2019, the Court ordered Plaintiff J.M. to show cause in writing why he should not be dismissed from the action for failure to comply with the Court's November 1, 2019 order. (ECF No. 40.) On the same date, Plaintiffs filed the instant motion seeking leave from the Court to file a second amended complaint which names Plaintiff J.M. as an adult individual and removes any reference to a guardian ad litem. (Pls.' Mot. Leave File Sec. Am. Compl. ("Mot."), ECF No. 41.) The Court subsequently discharged the order to show cause based on the filing of the motion to file an amended complaint. (ECF No. 43.) The deadline to file an opposition to Plaintiffs' motion has expired and Defendants have not filed any opposition to the motion to amend.

## II.

## LEGAL STANDARD

Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply Rule 16's standard for amending the scheduling order if the deadline to amend has passed. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018). If the party seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then must determine whether the moving party has satisfied the requirements of Rule 15(a). Wasatch, 327 F.R.D. at 403-04.

///

## A. The Rule 16(b) Good Cause Standard

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1)–(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Mammoth Recreations, 975 F.2d at 609. To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." Wasatch, 327 F.R.D. at 404 (internal quotation marks and citation omitted) (alteration in original).

## B. The Rule 15 Standard for Amending Pleadings

If Plaintiff can meet the good cause standard to modify the scheduling order under Rule 16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a). Wasatch, 327 F.R.D. at 403-04. Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with

1  "extreme liberality") (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir.2001)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not weighed equally.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  <u>Bonin</u>, 59 F.3d at 845.  Undue delay, "by itself . . . is insufficient to justify denying a motion to amend."  <u>Owens</u>, 244 F.3d at 712 (quotation marks omitted) (quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  <u>Eminence Capital</u>, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  <u>Id.</u>

## III.

## DISCUSSION

Because the Court's scheduling order set the deadline to file amended pleadings as March 22, 2019 (ECF No. 21 at 2), the Court will first determine whether Plaintiff has demonstrated good cause pursuant to Rule 16.  <u>See</u> <u>Wasatch</u>, 327 F.R.D. at 403.  Plaintiffs state that good cause exists because Plaintiff J.M. was a minor at the time of the filing of the lawsuit and recently became of majority age during the litigation and thus no longer requires a guardian ad litem.  (Mot. 3; Decl. Patrick Buelna Supp. Pls.' Mot. ("Buelna Decl") ¶ 2, ECF No. 41-1.)  Plaintiffs' motion was filed in response to the Court's November 1, 2019 order requiring Plaintiff J.M. to either file evidence that Plaintiff J.M.'s stated guardian ad litem was in fact appointed under state law, or file a motion for appointment of a guardian ad litem.  (ECF No. 37.)  Plaintiffs acknowledge that the instant motion was not filed until two days after the ten-day

deadline imposed by the Court in the November 1, 2019 order. (Mot. 5; Buelna Decl. ¶ 3.) Plaintiffs state it was filed late because of a clerical error and argues Plaintiffs have diligently met other deadlines in this action. (Id.) Defendants have not submitted any opposition to Plaintiffs' motion and the Court cannot discern any compelling reason to deny leave to amend the complaint beyond the deadline set in the scheduling order, given the limited purposes of changing Plaintiff J.M's name to reflect he is longer a minor and removing any reference to a guardian ad litem.

The Court now turns to the question of whether leave to amend should be granted under Federal Rule of Civil Procedure 15(a). Wasatch, 327 F.R.D. at 403-04. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiffs seek to amend the complaint only for the limited purposes of changing the name of Plaintiff J.M., previously a minor and now of majority age, and to remove the reference to a guardian ad litem. In this instance, given no defendant has filed any opposition to the motion to amend, the Court finds that granting Plaintiffs' motion to amend would not prejudice Defendants. There is no evidence the motion was brought in bad faith nor does it produce undue delay in the litigation. Cf. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was made more than four months after the cutoff date, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice."). Moreover, there is no reason to believe that the proposed amendment is futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weigh against granting Plaintiffs leave to amend, and Plaintiffs' motion is unopposed, the Court finds leave to amend appropriate.

See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend was warranted in light of the defendants' non-opposition to the motion and reasonable explanation for the amendment).

## IV.
## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a second amended complaint is GRANTED;
2. Plaintiffs shall file a second amended complaint within five days of the date of entry of this order; and
3. The hearing on the motion to amend scheduled for December 18, 2019, is VACATED.

IT IS SO ORDERED.

Dated: **December 10, 2019**

_____
UNITED STATES MAGISTRATE JUDGE